**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000514
20-DEC-2024
08:01 AM
Dkt. 102 SO**

NOS. CAAP-21-0000514, CAAP-21-0000515 AND CAAP-21-0000527

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-21-0000514

WAIAKOA INVESTMENTS LLC, a Hawai'i Limited Liability Corporation, Plaintiff-Appellee,

v.

HEIRS AND ASSIGNS OF WILLIAM H. NALUAI (k) (except for his mother, RACHAEL E. NALUAI), HEIRS AND ASSIGNS OF HENRIETTA P. NALUAI (w) aka HENRIETTA NALUAI HOLLINGER DeCONTE (w); HEIRS AND ASSIGNS OF ARTHUR V. HOLLINGER; MARJORIE HOLLINGER; HEIRS AND ASSIGNS OF PHOEBE LOUISE NALUAI (w) aka LOUISE P. NALUAI (w), aka PHOEBE LOUISE NALUAI TORRES (except for JUANITA TORRES PETTIGREW and JOHN R. TORRES, JR.); ALAPA'I HANAPI fka MICHAEL ALAPA'I JACOBO; and Heirs of persons named who are deceased or persons holding under said heirs, and spouses, assigns, successors, personal representatives, executors, administrators, and trustees of persons named above who are deceased; STATE OF HAWAI'I, COUNTY OF MAUI; and the following adjoining land owners and or lessees; GARY O. GALIHER TRUST; REGINALD K. TANAKA and PAULA EKEKELA TANAKA, Defendants-Appellees, and

LOUISE MILILANI NALUAI HANAPI, Defendant-Appellant,

and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, and all other persons unknown claiming any right, title, estate, lien, or interest in the real property described and TO ALL WHOM IT MAY CONCERN, Defendants.

## CAAP-21-0000515

WAIAKOA INVESTMENTS LLC, a Hawai'i Limited Liability Corporation, Plaintiff-Appellee,
v.
HEIRS AND ASSIGNS OF WILLIAM H. NALUAI (k) (except for his mother, RACHAEL E. NALUAI), HEIRS AND ASSIGNS OF HENRIETTA P. NALUAI (w) aka HENRIETTA NALUAI HOLLINGER DeCONTE (w); HEIRS AND ASSIGNS OF ARTHUR V. HOLLINGER; MARJORIE HOLLINGER; HEIRS AND ASSIGNS OF PHOEBE LOUISE NALUAI (w) aka LOUISE P. NALUAI (w) aka PHOEBE LOUISE NALUAI TORRES (except for JUANITA TORRES PETTIGREW and JOHN R. TORRES, JR.); LOUISE MILILANI NALUAI HANAPI; and Heirs of persons named who are deceased, or persons holding under said heirs, and spouses, assigns, successors, personal representatives, executors, administrators, and trustees of persons named above who are deceased; STATE OF HAWAI'I; COUNTY OF MAUI; and the following adjoining land owners and or lessees; GARY O. GALIHER TRUST; REGINALD K. TANAKA and PAULA EKEKELA TANAKA, Defendants-Appellees,
and
ALAPA'I HANAPI fka MICHAEL ALAPA'I JACOBO, Defendant-Appellant,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50, and all other persons unknown claiming any right, title, estate, lien, or interest in the real property described and TO ALL WHOM IT MAY CONCERN, Defendants.

## CAAP-21-0000527

WAIAKOA INVESTMENTS LLC, a Hawai'i Limited Liability Corporation, Plaintiff-Appellee,
v.
HEIRS AND ASSIGNS OF WILLIAM H. NALUAI (k) (except for his mother, RACHAEL E. NALUAI), HEIRS AND ASSIGNS OF

HENRIETTA P. NALUAI (w) aka HENRIETTA NALUAI HOLLINGER DeCONTE (w); HEIRS AND ASSIGNS OF ARTHUR V. HOLLINGER; MARJORIE HOLLINGER; HEIRS AND ASSIGNS OF PHOEBE LOUISE NALUAI (w) aka LOUISE P. NALUAI (w), aka PHOEBE LOUISE NALUAI TORRES (except for JUANITA TORRES PETTIGREW and JOHN R. TORRES, JR.); LOUISE MILILANI NALUAI HANAPI; ALAPA'I HANAPI fka MICHAEL ALAPA'I JACOBO; and Heirs of persons named who are deceased, or persons holding under said heirs, and spouses, assigns, successors, personal representatives, executors, administrators, and trustees of persons named above who are deceased; STATE OF HAWAI'I; COUNTY OF MAUI; and the following adjoining land owners and or lessees; GARY O. GALIHER TRUST; REGINALD K. TANAKA and PAULA EKEKELA TANAKA, Defendants-Appellees, and
ROSEMOND K. PETTIGREW, Defendant-Appellant, and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50, and all other persons unknown claiming any right, title, estate, lien, or interest in the real property described and TO ALL WHOM IT MAY CONCERN, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC191000312)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

This appeal challenges the grant of summary judgment in a quiet title case.

In this consolidated appeal, Defendants-Appellants Louise Mililani Naluai Hanapi, Alapa'i Hanapi, and Rosemond K. Pettigrew (collectively, **Appellants**) appeal from the October 11, 2024 "First Amended Final Judgment Against All Above-Named Defendants, Excepting Reservations by the State of Hawaii, in Favor of Plaintiff Waiakoa Investments LLC, a Hawaii limited liability company" (**October 11, 2024 Amended Judgment**) entered

by the Circuit Court of the Second Circuit (**circuit court**).[1] Appellants challenge the circuit court's orders that granted summary judgment and quieted title to certain property in favor of Plaintiff-Appellee Waiakoa Investments LLC (**Waiakoa**): the October 19, 2020 "Order Granting [Waiakoa]'s Motion for Partial Summary Judgment Against Defendants Alapaʻi Hanapi fka Michael Alapaʻi Jacobo; Louise Mililani Naluai Hanapi; and Rosemond K. Pettigrew" (**October 19, 2020 Order**);[2] and the August 25, 2021 "Order Granting Motion for Summary Judgment Against All Above-Named Defendants, Excepting Reservations by the State of Hawaii, in Favor of [Waiakoa]" (**August 25, 2021 Order**).[3]

On appeal, Appellants contend the Circuit Court erred by:

**(1)** "granting Waiakoa's Motions for Partial Summary Judgment and Summary Judgment despite Waiakoa's failure to produce any admissible evidence that it owns Lot 49, thereby failing to meet its initial burden of production as the movant";

**(2)** "granting Waiakoa's Motions because [Appellants] produced evidence in the form of affidavits or declarations and exhibits that raised genuine issues of material fact precluding summary judgment"; and

**(3)** "granting Waiakoa's Motions for Summary Judgment by failing to continue the hearing on [Waiakoa]'s motions to give [Appellants] an opportunity to conduct discovery."[4]

---

[1] The Honorable Kirstin M. Hamman entered the October 11, 2024 Amended Judgment.

[2] The Honorable Rhonda I.L. Loo entered the October 19, 2020 Order.

[3] The Honorable Blaine J. Kobayashi entered the August 25, 2021 Order.

[4] After the opening brief's filing deadline passed, Appellants submitted an errata that included four additional points of error that were "inadvertently omitted" from the opening brief. These additional points of

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the case law and statutes relevant to the issues and arguments raised, we resolve Appellants' points of error as follows, and vacate and remand.

"On appeal, the grant or denial of summary judgment is reviewed *de novo*." Carmichael v. Bd. of Land & Nat. Res., 150 Hawai'i 547, 560, 506 P.3d 211, 224 (2022) (citation omitted). "The burden is on the party moving for summary judgment . . . to show the absence of any genuine issue as to all material facts, which, . . . entitles the moving party to judgment as a matter of law[,]" as follows:

> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.
>
> Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law.

Ralston v. Yim, 129 Hawai'i 46, 56-57, 292 P.3d 1276, 1286-87 (2013) (citation omitted).

"In an action to quiet title, the burden is on the plaintiff to prove title in and to the land in dispute, and, absent such proof, it is unnecessary for the defendant to make any showing. The plaintiff has the burden to prove either that

---

error are essentially encompassed in the original points of error and arguments.

he has paper title to the property or that he holds title by adverse possession." Maui Land & Pineapple Co., Inc. v. Infiesto, 76 Hawai'i 402, 407-08, 879 P.2d 507, 512-13 (1994) (internal citations omitted).

Appellants' first point of error is dispositive. We conclude the circuit court erred by granting summary judgment in favor of Waiakoa because Waiakoa failed to meet its burden of production as the movant, with admissible evidence of its own title. Here, Waiakoa's motion for summary judgment failed to include documentation of its paper title to the property in dispute. Instead, it relied on the arguments in its memorandum in support and the declaration of Waiakoa's counsel that was based on his review of title and genealogy reports, which were authored by third parties and not submitted with the motion. See Hawai'i Rules of Civil Procedure Rule 56(e) (2000) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."); Pioneer Mill Co., Ltd. v. Dow, 90 Hawai'i 289, 297, 978 P.2d 727, 735 (1999) (rejecting for purposes of summary judgment "an affidavit of counsel swearing to the truth and accuracy of exhibits does not authenticate exhibits" as insufficient to "authenticate exhibits not sworn to or uncertified by the preparer or custodian of those exhibits" (citation omitted)); Miller v. Manuel, 9 Haw. App. 56, 69, 69 n.15, 828 P.2d 286, 294, 294 n.15 (1991) (rejecting the affidavit of movant's counsel "in which she avers that the factual allegations contained in the supplemental memorandum are true 'to the best

of her knowledge' and that she is competent to testify to those facts" as insufficient to justify summary judgment; Alghussein v. Kaan, 149 Hawaiʻi 174, 184, 485 P.3d 68, 78 (App. 2021) ("Argument of counsel in a memorandum of law is not evidence for purposes of a motion for summary judgment." (cleaned up)).

The circuit court's oral ruling that "no party has contested" the "devises and conveyances" of title to Waiakoa from its predecessors is erroneous, where Waiakoa bore the burden to prove its title to the land in dispute. See Maui Land, 76 Hawaiʻi at 407-08, 879 P.2d at 512-13. Accordingly, summary judgment was erroneously granted because Waiakoa failed to meet its initial burden of proof with admissible evidence as the quiet-title plaintiff. See Carmichael, 150 Hawaiʻi at 560, 506 P.3d at 224; Ralston, 129 Hawaiʻi at 56-57, 292 P.3d at 1286-87.

In light of our disposition, we need not reach Appellants' remaining points of error.

For these reasons, we vacate the October 19, 2020 Order, the portion of the August 25, 2021 Order as to Appellants, and the October 11, 2024 Amended Judgment, all filed and entered by the Circuit Court of the Second Circuit, and remand for further proceedings.

DATED: Honolulu, Hawaiʻi, December 20, 2024.

On the briefs:

David R. Harada-Stone,
for Defendants-Appellants
Alapaʻi Hanapi, Mililani Hanapi
and Rosemond Pettigrew.

J. Kevin Jenkins,
for Plaintiff-Appellee Waiakoa
Investments LLC.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge